UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES EDWARD JONES,

    Plaintiff,

v.

SPECIAL COMMITMENT CENTER, et al.,

    Defendants.

CASE NO. C14-5018 BHS

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 37), and Plaintiff James Jones's ("Jones") objections to the R&R (Dkt. 38).

## I. PROCEDURAL BACKGROUND

On January 9, 2014, Jones filed a 42 U.S.C. § 1983 suit against Defendants Special Commitment Center ("SCC"), Mark Strong, Todd Dubble, and Al Nerio (collectively "Defendants"). Dkt. 5. Jones alleges that Defendants violated his constitutional rights by failing to provide clean water, hot water for showers, and clean air at the SCC. *Id.*

On August 22, 2014, Defendants moved for summary judgment. Dkt. 25. On November 10, 2014, Judge Creatura issued the R&R recommending that the Court grant Defendants' motion because Jones failed to prove that the conditions at the SCC constitute health hazards. Dkt. 37. On November 28, 2014, Jones filed objections. Dkt. 38. On December 18, 2014, Defendants replied. Dkt. 39.

Federal Rule of Civil Procedure 72(b) governs objections to a magistrate judge's recommended disposition. Rule 72(b) provides as follows:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

Jones argues that he submitted sufficient evidence to establish that the water and air conditions constitute serious health hazards. Dkt. 38. The Court, however, agrees with Judge Creatura's analysis and conclusion. Although Jones presented evidence that the water is brown, the showers are tepid, and the air is dank, Jones failed to produce any evidence that these unpleasant conditions constitute health hazards. Conclusory, nonspecific statements in affidavits are insufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89 (1990). Defendants also submitted evidence that the water and air conditions at the SCC are not health hazards. The Court therefore concludes that summary judgment in favor of Defendants is appropriate.

1     The Court having considered the R&R, Jones's objections, and the remaining

2 record, does hereby find and order as follows:

3     (1)    The R&R is **ADOPTED**;

4     (2)    Defendants' motion for summary judgment is **GRANTED**; and

5     (2)    This action is **DISMISSED**.

6     Dated this 7th day of January, 2015.

BENJAMIN H. SETTLE
United States District Judge