UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES EDWARD JONES, <br><br> Plaintiff, <br><br> v. <br><br> SPECIAL COMMITMENT CENTER. <br><br> Defendant. | CASE NO. 3:14-CV-05018-JRC <br><br> ORDER SETTING TELEPHONIC STATUS CONFERENCE |

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding with this action *pro se* and *in forma pauperis*.

Presently before the Court is defendants' Motion for Extension (Dkt. 56) and Motion for Relief from Pretrial Deadlines (Dkt. 59). Defendant seeks a stay in this case, including all pretrial deadlines, until plaintiff indicates that he is able to proceed to trial. Dkt. 59.

As described below, the Court orders the parties to appear for a telephonic status conference on the pending Motion for Extension and Motion for Relief from Pretrial Deadlines. Dkts. 56, 59.

## DISCUSSION

Plaintiff, James Edward Jones, appealed the district court's order granting summary judgment in his 42 U.S.C. § 1983 action alleging that his constitutional rights were violated while housed at the Special Commitment Center ("SCC") because the water in plaintiff's housing unit was brown, had floating debris and caused plaintiff gastrointestinal distress and vomiting. Dkt. 44 at 2-3. The Ninth Circuit Court of Appeals ruled that plaintiff had raised a genuine issue of material fact as to whether defendant Strong violated his Fourteenth Amendment rights and remanded this case for further proceedings. Dkt. 44. The Ninth Circuit affirmed dismissal of all other claims and all other defendants. *See id.*

Pursuant to the Ninth Circuit's mandate issued on March 28, 2016, the parties were ordered to confer and submit a joint status report. Dkt. 49. The parties consented to proceed before the undersigned. Dkt. 50. On May 11, 2016, the Court established a pretrial schedule. Dkt. 51. On July 20, 2016, the Court granted plaintiff's motion to waive court appointment of counsel. Dkt. 54.

On September 26, 2016, plaintiff filed a "Declaration to Take Judicial Notice," stating that he has been diagnosed with stage four lung cancer,[1] and that his physician was "Dr. Hillman"[2] at the Special Commitment Center ("SCC"). Dkt. 55 at 1. Plaintiff has not taken any action in this case since September 26, 2016. *See* Dkt.

On October 3, 2016, defendant filed a Motion for Extension, requesting that the mediation deadline be extended and that the remainder of the trial schedule be stayed. Dkt. 56.

---

[1] Plaintiff's letter to the Court indicated that he had been diagnosed with liver cancer (Dkt. 55), but the letter he sent to defense counsel stated it was lung cancer. Dkt. 57 (Mingay Decl.); Dkt. 59 at 2; Dkt. 60 (Williamson Decl, at 2). Dr. Hamill's declaration confirms that plaintiff has been diagnosed with stage 4 lung cancer. Dkt. 61

[2] This appears to be a spelling error as the declaration submitted by defendant states that plaintiff is being treated by Dr. Hamill. *See* Dkts. 59, 60.

ORDER SETTING TELEPHONIC STATUS
CONFERENCE - 2

Attached to his motion, defendant submitted a letter from plaintiff, received on September 26, 2016, stating that plaintiff had stage 4 lung cancer and that defendant may contact Dr. Hamill at the SCC regarding plaintiff's diagnosis. To date, plaintiff has not filed a response to defendant's motion. *See* Dkt.

On October 17, 2016, defendants filed a Motion for Relief from Pretrial Deadlines. Dkt. 59. In that motion, defendant states that plaintiff's medical diagnosis renders him unable to complete the activities necessary to prosecute this case. *Id.* at 2. Defendant submits the declarations of Dr. John Hamill, the Chief Medical Officer at SCC and plaintiff's treating physician, and counsel for defendant, Assistant Attorney General Nicolas Williamson, in support of his motion. Dkts. 60, 61. According to Dr. Hamill's declaration, plaintiff is unable to get out of bed without the assistance of a wheelchair or walker and plaintiff would not be able to attend a multi-day court hearing. Dkt. 61. Dr. Hamill's prognosis is that plaintiff has approximately eight months to live. *Id.*

According to Mr. Williamson's declaration, defendant has been unable to communicate with plaintiff. Dkt. 60. Mr. Williamson declares that he attempted to contact plaintiff via telephone at the SCC, but that other residents reported that plaintiff was not feeling well enough to come to the phone and that plaintiff would be unable to meet in person. *Id.* To date, plaintiff has not filed a response to defendant's motion. *See* Dkt.

**ORDER**

Having reviewed defendant's Motion for Extension (Dkt. 56) and Motion for Relief from Pretrial Deadlines (Dkt. 59) and the balance of the record, the Court **ORDERS**:

1   (1)  The parties shall appear for a telephonic status conference on the Motion for
2 Extension (Dkt. 56) and Motion for Relief from Pretrial Deadlines (Dkt. 59) on November 3,
3 2016 at 10:00am.

4   If this date does not work for a party, then by October 27, 2016, the parties must confer
5 and propose an alternate date and notify the Court by contacting the undersigned's judicial
6 assistant, Sandy Huntington at Sandy_huntington@wawd.uscourts.gov.

7   To attend the status conference, each party shall call the Court's conference line at: 1-
8 253-882-3778, and when prompted, enter access code 123456.  Once this number is entered, the
9 party will be connected. Each party will be responsible for its own long-distance charges.

10   (2)  Defendant must contact the appropriate authorities at the SCC to ensure that plaintiff
11 receives timely notice of the telephonic status conference and that plaintiff has proper access to a
12 telephone. Defendant must file a status report by October 27, 2016, and state with specificity the
13 arrangements that have been made to notify plaintiff of this telephonic status conference and how
14 plaintiff will participate via telephone. If he is unable to come to a telephone, then arrangements
15 should be made to bring a telephone to him.

16   (3)  The parties should be prepared to discuss: whether they agree to staying the case and
17 the approximate date that the parties will be ready for mediation.

18   (4)  If plaintiff fails to appear at the telephonic status conference, the Court will consider
19 defendant's motions at that time based on the available information (Dkts. 56 and 59).

20   (5)  The Clerk shall send a copy of this Order to plaintiff and to counsel for defendant.
21   Dated this 20th day of October, 2016.

J. Richard Creatura
United States Magistrate Judge