UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES EDWARD JONES,<br><br>           Plaintiff,<br><br>    v.<br><br>SPECIAL COMMITMENT CENTER,<br><br>           Defendant. | CASE NO. 3:14-CV-05018-JRC<br><br>ORDER STRIKING PRETRIAL DEADLINES AND STAYING CASE |

    This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding with this action *pro se* and *in forma pauperis*.

    Presently before the Court is defendants' Motion for Extension (Dkt. 56) and Motion for Relief from Pretrial Deadlines (Dkt. 59). Defendant seeks a stay in this case, including all pretrial deadlines, until plaintiff indicates that he is able to proceed to trial. Dkt. 59.  Plaintiff has not filed a response.

    As described below, the Court grants defendants' motions (Dkts. 56, 59) and the Court orders that this case is stayed until January 3, 2017. The parties are directed to file a joint status report by December 20, 2016.

1    On September 26, 2016, plaintiff filed a "Declaration to Take Judicial Notice," stating
2 that he has been diagnosed with stage four lung cancer, and that his physician was "Dr.
3 Hillman"[1] at the Special Commitment Center ("SCC"). Dkt. 55 at 1. Plaintiff has not taken any
4 action in this case since September 26, 2016. *See* Dkt.
5    On October 3, 2016, defendant filed a Motion for Extension, requesting that the
6 mediation deadline be extended and that the remainder of the trial schedule be stayed. Dkt. 56.
7 Attached to his motion, defendant submitted a letter from plaintiff, received on September 26,
8 2016, stating that plaintiff had stage 4 lung cancer and that defendant may contact Dr. Hamill at
9 the SCC regarding plaintiff's diagnosis. To date, plaintiff has not filed a response to defendant's
10 motion. *See* Dkt.
11   On October 17, 2016, defendants filed a Motion for Relief from Pretrial Deadlines. Dkt.
12 59. In that motion, defendant states that plaintiff's medical diagnosis renders him unable to
13 complete the activities necessary to prosecute this case. *Id.* at 2. Defendant submits the
14 declarations of Dr. John Hamill, the Chief Medical Officer at SCC and plaintiff's treating
15 physician, and counsel for defendant, Assistant Attorney General Nicolas Williamson, in support
16 of his motion. Dkts. 60, 61. According to Dr. Hamill's declaration, plaintiff is unable to get out
17 of bed without the assistance of a wheelchair or walker and plaintiff would not be able to attend a
18 multi-day court hearing. Dkt. 61. Dr. Hamill's prognosis is that plaintiff has approximately eight
19 months to live. *Id.*
20   According to Mr. Williamson's declaration, defendant has been unable to communicate
21 with plaintiff. Dkt. 60. Mr. Williamson declares that he attempted to contact plaintiff via
22 telephone at the SCC, but that other residents reported that plaintiff was not feeling well enough

---

24   [1] This appears to be a spelling error as the declaration submitted by defendant states that plaintiff is being treated by Dr. Hamill. *See* Dkts. 59, 60.

to come to the phone and that plaintiff would be unable to meet in person. *Id.* To date, plaintiff has not filed a response to defendant's motions. *See* Dkt.

On October 20, 2016, the Court set a telephonic status conference and ordered defendants to contact the appropriate authorities at the SCC to ensure that plaintiff received timely notice of the telephonic status conference and that plaintiff had proper access to a telephone. Dkt. 62. Defendants were also ordered to file a status report by October 27, 2016, and state with specificity the arrangements that were made to notify plaintiff of this telephonic status conference and how plaintiff would participate via telephone. *See id.* The Court advised plaintiff that if he failed to appear at the telephonic status conference, the Court would consider defendant's motions (Dkts. 56, 59) based on the available information. *Id.*

On November 3, 2016, the Court held the telephonic status conference. *See id.*; Dkt. 64. Defendant, Dr. Hamill and Shannon Gil, SCC Legal Coordinator, participated in the telephonic status conference. *See* Dkt. 64. However, counsel for defendants and Dr. Hamill advised the Court that due to plaintiff's worsening medical condition, he was unable to participate. *See id.* Dr. Hamill advised the Court that plaintiff is currently unable to verbally communicate and that it would be medically dangerous to move plaintiff from his bed to attend the telephonic status conference.

## DISCUSSION

The decision to grant a stay is "generally left to the sound discretion of district courts." *Schriro v. Landrigan,* 550 U.S. 465, 473 (2007).

After reviewing the motions, the record before the Court, and the information provided at the telephonic status conference, the Court finds that plaintiff's medical condition currently prevents him from prosecuting this action. Under these circumstances, staying this action for

sixty days promotes judicial economy and does not prejudice plaintiff. However, an indefinite stay is not an appropriate option. Thus, the Court grants defendants' motions (Dkts. 56, 59) and this matter is stayed until January 3, 2017.

Accordingly, it is ORDERED:

1. These proceedings are hereby STAYED until January 3, 2017

2. The Court strikes the December 12, 2016 trial date and all related pretrial deadlines.

3. The parties must file a joint status report by December 20, 2016, fourteen days before the stay ends, advising the Court of plaintiff's ability to prosecute this case. If plaintiff is unable to take any further action by January 3, 2017, the Court will consider issuing an order of dismissed for lack of prosecution.

4. The Clerk shall send a copy of this Order to plaintiff and counsel for defendant.

Dated this 3rd day of November, 2016.

J. Richard Creatura
United States Magistrate Judge