UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES EDWARD JONES,<br><br>        Plaintiff,<br><br>   v.<br><br>SPECIAL COMMITMENT CENTER et al.<br><br>        Defendants. | CASE NO. 3:14-CV-05018-JRC<br><br>ORDER |

Based on the joint status report filed on April 22, 2016 (Dkt. 49), the parties consent to permit Magistrate Judge J. Richard Creatura to conduct all proceedings in this case, including a jury trial, and to order entry of judgment.

On December 1, 2016, defendants filed a Notice of Suggestion of Death, stating that defendants' counsel had learned from Special Commitment Center ("SCC") officials that plaintiff had passed away on November 5, 2016. Dkt. 68. A motion for substitution on behalf of plaintiff has not been made within ninety days pursuant to Federal Rule of Civil Procedure 25, and thus, the Court dismisses this action without prejudice.

## DISCUSSION

Federal Rule of Civil Procedure 25(a)(1) provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).

A statement noting the death must be served on parties in accordance with the requirements of Rule 5. Fed. R. Civ. P. 25(a)(3). Federal courts, including the Ninth Circuit, have strictly construed the service and filing requirements of Rule 25. In *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994), the Ninth Circuit held that Rule 25 required two affirmative steps to trigger the running of the ninety-day period. "First, a party must formally suggest the death of the party upon the record. Second, the suggesting party must serve other parties and non-party successors of the deceased with the suggestion of death ...." *Id*.[1]

On December 1, 2016, defendants electronically filed a Notice of Suggestion of Death of Plaintiff pursuant to Rule 25, which was served on plaintiff's address at the SCC and to his next of kin on file. Dkt. 68. Defendants also filed a copy of plaintiff's death certificate. Dkt. 70; Dkt. 71 (certificate of service). On January 19, 2017, the Court stayed the proceedings in this matter until March 1, 2017 or a proper party filed for substitution. Dkt. 72.

The ninety-day time period of Rule 25 was triggered when defendants filed the Notice of Suggestion of Death on December 1, 2016. Dkt. 68. The ninety-day time period of Rule 25 has

---

[1] In *Barlow*, the Ninth Circuit considered the version of Rule 25 that was in effect in 1994. The current version does not differ in substance.

1  elapsed and no motion for substitution has been filed on behalf of plaintiff. Thus, the Court
2  DISMISSES this action without prejudice.
3     Dated this 14th day of March, 2017.

            *(signature)*

            J. Richard Creatura
            United States Magistrate Judge